IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS KOERNER,

    Plaintiff,                      No. CIV S-09-2240 LKK GGH (TEMP)

vs.

MICHAEL J. ASTRUE,              FINDINGS AND RECOMMENDATIONS
Commissioner of
Social Security,

    Defendant.
                               /

INTRODUCTION AND SUMMARY

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles XVI and II, respectively, of the Social Security Act ("Act"). This case involves the all too familiar situation in Social Security cases where there are no treatment records of any long-term significance, but the case is decided at the administrative level based upon a one-shot consultative examination, and on an even less probative, a State Agency (SA) reviewer's analysis.[1] The undersigned is less than confident that

---

[1] A "SA" reviewer is a medical doctor who never examines the plaintiff, but reviews the evidence of record to arrive at an opinion concerning disability. In a case such as this one, with little evidence of record, the SA has no justifiable basis to disagree with the one or two doctors

1

a correct determination either way can be made with respect to "permanent" disability.  But a determination must be made, and it must be made on the little evidence on the record, not on a patent misinterpretation of the evidence by the ALJ.  For the reasons that follow, this court recommends that plaintiff's Motion for Summary Judgment be granted, the Commissioner's Cross Motion for Summary Judgment be denied, the matter be remanded under sentence four of 42 U.S.C. § 405(g) for payment of benefits, and the Clerk be directed to enter judgment for plaintiff.[2]

BACKGROUND

Plaintiff, born May 25, 1963, applied on August 10, 2007 for disability benefits. (Administrative Transcript "Tr." at 24-26, 108-114.)  Plaintiff alleged he was unable to work since August 15, 2004[3] due to hearing voices and foot, shoulder, knee and abdominal pain. (Tr. at 18, 24, 40, 135, 190.)  In a decision dated February 13, 2009, ALJ L. Kalie Fong determined that plaintiff was not disabled.  (Id. at 14-23.)   The ALJ made the following findings:[4]

---

who did examine plaintiff. The "treatment" records barely qualify as anything but another one-shot examination, albeit plaintiff was seen a few times in 2008 for treatment purposes after his application was filed. Tr. 301-307.

[2] Prior to filing the motion for summary judgment, plaintiff filed a motion to remand, contending that the administrative record was not complete. (Dkt. no. 21.) As explained in defendant's opposition, the record is in fact complete and there is no basis for remand based on an incomplete record. (Dkt. no. 22.)

[3] Plaintiff's representative conceded there is not enough substantial evidence in the record to support disability prior to the application date and amended the alleged onset date to August 10, 2007. (Tr. at 298-99.)

[4] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:
   Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

2. The claimant has not engaged in substantial gainful activity since August 15, 2004, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: ankle pain due to possible posttraumatic arthritis, recurrent, severe; major depression with psychosis; and hallucinatory psychosis, possibly depression (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except mentally limited to simple, routine, repetitive tasks with limited contact with the public and others.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on May 25, 1963 and was 41 years old, which is defined as a younger individual age 18-49, on

---

to step two.
　　Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
　　Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
　　Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
　　Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.
Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).
　　The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

3

|   |     |                                                                                                                                                                                                                                                                                                                           |
|---|-----|----|

           the alleged disability onset date (20 CFR 404.1563 and 416.963).

    8.    The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

    9.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

    10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1560a, 416.969, and 416.969a).

    11.    The claimant has not been under a disability, as defined in the Social Security Act, from August 15, 2004 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. at 16-23.)

ISSUES PRESENTED

Plaintiff has raised the following issues: A. Whether the ALJ's Mental RFC Finding Was Supported by Substantial Evidence; B. Whether the ALJ Properly Applied the Psychiatric Review Technique and Found that Plaintiff Did Not Meet or Equal a Listing; C. Whether the ALJ Posed Hypotheticals to the Vocational Expert that Were Properly Based on Substantial Evidence in the Record; and D. Whether the ALJ Properly Assessed Plaintiff's Credibility and Third Party Statements Regarding Plaintiff's Functional Limitations. Plaintiff's argument with respect to "C" – the vocational expert testimony is persuasive – requires remand of this matter for payment of benefits. No other issues need be addressed.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999).

Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), *quoting* Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

ANALYSIS

Plaintiff contends that a hypothetical posed by plaintiff's representative at the hearing establishes that plaintiff cannot engage in gainful employment. Hypothetical questions posed to a vocational expert must include all the substantial, supported physical and mental functional limitations of the particular claimant. Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir.1995); see Light v. Social Sec. Admin., 119 F.3d 789, 793 (9th Cir.1997). If a hypothetical does not reflect all the functional limitations, the expert's testimony as to available jobs in the national economy has no evidentiary value. DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991). But see Thomas v. Barnhart, 278 F.3d 947 (9th Cir. 2002) (approving hypothetical directing VE to credit specific testimony which VE had just heard); Matthews v. Shalala, 10 F.3d 678 (9th Cir. 1993) (failing to include all limitations in a hypothetical may be harmless error if the ALJ's conclusions are supported by other reliable evidence). While the ALJ may pose to the expert a range of hypothetical questions, based on alternate interpretations of the evidence, substantial evidence must support the hypothetical which ultimately serves as the basis for the ALJ's determination. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Similarly, "[t]he ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel." Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989). The ALJ is free to accept them if they are supported by substantial evidence or reject them if they

5

are not. Id. at 756-757.

A consultative psychiatric exam was performed on plaintiff by Richard Hicks, M.D. on November 18, 2007. (Tr. at 244-248.) Plaintiff's global assessment of functioning ("GAF")[5] was assessed as 50. (Tr. at 247.) While the GAF does not correlate to the severity assessments utilized in Social Security disability determinations and is not dispositive of a disability issue, the plaintiff's GAF was consistently assessed as 50 throughout the scant record medical evidence by the treating and examining psychiatrists. (Tr. at 247, 302, 303.) The ALJ, in summarizing Dr. Hicks' mental functional assessment, repeatedly mischaracterized Dr. Hicks' GAF assessment as 65,[6] not 50, whereas Dr. Hicks only estimated that with treatment, plaintiff *might* have a GAF of 65, (Tr. at 19, 20, 247); but as seen below, such did not occur with treatment in 2008. Although the ALJ accorded "great weight" to Dr. Hicks' evaluation, there is no explanation in the ALJ's decision as to why the GAF of 50 was disregarded. (Tr. at 21.) Thus, the hypothetical relied upon by the ALJ was not based on substantial evidence.

A hypothetical was posed to the vocational expert which included a GAF of 50 and with moderate limitations in maintaining social functioning and moderate difficulties in maintaining concentration, persistence, or pace. (Tr. at 65-66). These limitations are based on substantial evidence in the record in that Dr. Hicks assessed a GAF of 50, plaintiff's treating psychiatrist, Dr. Han Nguyen, M.D., assessed a GAF of 50, and the state agency psychiatrist, Adrianne Gallucci, Psy.D., in performing the psychiatric review technique, rated plaintiff's

---

[5] GAF is a scale reflecting the "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders at 34 (4th ed. 2000) ("DSM IV-TR"). A 41-50 rating indicates serious symptoms such as suicidal ideation, severe obsessional rituals, or serious impairment in social, work, or school functioning. Id.

[6] A GAF of 61-70 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school function (e.g, occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships. Diagnostic and Statistical Manual of Mental Disorders at 34 (4th ed. 2000) ("DSM IV-TR").

6

functional limitations as moderate for both difficulties in maintaining social functioning and difficulties in maintaining concentration, persistence, or pace. (Tr. at 247, 264, 302, 303.) In response to this hypothetical, the vocational expert testified that plaintiff could not engage in competitive employment. (Tr. at 66.) Because the hypothetical was based on substantial evidence, indeed the only evidence of record, it was error for the ALJ to reject the vocational expert's testimony based on the proper evidence.

The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). In general, the court will consider factors such as the completeness of the record, the weight of evidence in plaintiff's favor, and the potential harm to plaintiff due to further delay. In terms of the completeness of the record, the court will determine whether additional administrative proceedings would remedy the defects in the decision, which the court cannot remedy based on the present record. See Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); Barbato v. Commissioner of Social Security Admin., 923 F. Supp 1273, 1277-78 (C.D.Cal. 1996). Here, the testimony of the vocational expert in response to a hypothetical based on substantial record evidence establishes that plaintiff cannot engage in competitive employment. Because the record is complete[7] and there is no justification for further delay, the undersigned will recommend this matter be remanded under sentence four of 42 U.S.C. § 405(g) for payment of benefits.[8]

---

[7] The court recognizes that the only treatment records are from the year 2008 and that plaintiff's mental impairment may have improved since then. However, even after eight months treatment with psychiatric medications, plaintiff still experienced auditory hallucinations, the overall response to the psychiatric medication was noted by the treating physician to be "partial, inadequate," and the primary diagnosis remained major depression, recurrent, severe with psychosis. (Tr. at 305.) Under these circumstances, further development of the record does not appear to be warranted.

[8] Because plaintiff's representative conceded that there is not enought substantial evidence to support disability prior to the application date, the court will recommend payment of benefits from August 10, 2007. See Tr. at 298.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment be granted;

2. The Commissioner's cross motion for summary judgment be denied;

3. This action be remanded to the Commissioner for payment of benefits with an onset date of August 10, 2007; and

4. The Clerk be directed to enter judgment for plaintiff.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 01/21/2011

/s/ Gregory G. Hollows
U.S. MAGISTRATE JUDGE

JMM
koerner.ss.rem