IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS KOERNER,

    Plaintiff,                           No. CIV S-09-2240 LKK GGH (TEMP)

    vs.

MICHAEL J. ASTRUE,              FINDINGS AND RECOMMENDATIONS
Commissioner of
Social Security,

    Defendant.

_____/

        Pending before the court is plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1).[1] Plaintiff seeks attorney's fees under EAJA for 8.7 hours of attorney time at $175/hour and for 32.9 hours of attorney supervised law clerk time at $110/hour for work done in 2009 and 2010 and costs in the amount of $36.78, for a total amount of $5,178.28. No opposition to the motion for fees under EAJA has been filed.

---

[1] The EAJA motion was filed by plaintiff's counsel Ian Sammis on April 18, 2011. Counsel Sammis died on May 28, 2011. Counsel Robert Weems substituted in as successor counsel on October 20, 2011. On January 17, 2012, counsel filed an additional motion for fees under 42 U.S.C. § 406(b).

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. Shalala v. Schaefer, 509 U.S. 292 (1993). In this case, the matter was remanded under sentence four pursuant to the order of the court for immediate payment of benefits. See Order filed February 17, 2011, dkt. no. 29. Plaintiff thus is entitled to an award of fees under the EAJA. The court must allow the fee award unless it finds that the position of the United States was substantially justified. Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

Having no opposition from the Commissioner on the issue of substantial justification, the court finds that the requested fees are reasonable and that plaintiff is entitled to the amount requested. Despite any fee agreement to the contrary, the EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521 (2010).[2]

Also pending before the court is plaintiff's motion for attorneys fees under 42 U.S.C. § 406(b). Defendant has filed a statement of non-opposition to the motion. Plaintiff has submitted documentation indicating that the Commissioner has withheld $11,338.00 from plaintiff's past due benefits, representing 25% of that amount, and a contingency fee agreement that plaintiff agreed to pay this amount. Plaintiff's counsel concedes that this amount should be offset in the amount of any fees awarded under EAJA.

\\\\\

---

[2] In the event the government determines that some or all of the EAJA award can be used to offset any obligation owed by plaintiff to the federal government, then the offset addressed below on the 406(b) fee motion should be reduced accordingly. In addition, because plaintiff and his counsel entered into an agreement that the EAJA award is payable to counsel, any sums plaintiff receives from the government for payment of the EAJA fee must in turn be paid by plaintiff to his attorney.

1   42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

2   Whenever a court renders a judgment favorable to a claimant under
    this subchapter who was represented before the court by an
3   attorney, the court may determine and allow as part of its judgment
    a reasonable fee for such representation, not in excess of 25 percent
4   of the total of the past-due benefits to which the claimant is entitled
    by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

Counsel seeks fees for 41.6 hours. Based on the quality of counsel's representation and the results achieved in this case, the undersigned finds the amount of hours expended to be reasonable. The hourly rate is also reasonable.[3] Accordingly, the undersigned will recommend an award in the amount of attorney fees requested under section 406(b), to be offset by the amount of fees awarded under EAJA.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request for EAJA fees be granted and that plaintiff be awarded $5,178.28 in attorney's fees under EAJA, said fees made payable to plaintiff; however, plaintiff is to in turn pay these fees to his attorney.

---

[3] Whether calculated without an offset for EAJA, i.e. $11,338/41.6 hours = $273/hour, or with an offset for EAJA, i.e. $6,159.72/41.6 hours=$148/hour, the court finds the hourly rate reasonable. See, e.g., Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009) (en banc) (computed hourly rates of up to $900 per hour found to be reasonable).

2. Plaintiff's request for fees under 42 U.S.C 406(b) be granted in the amount of $6,159.72. The Commissioner should be directed to pay plaintiff's counsel the sum of $6,159.72 in § 406(b) attorneys' fees with the remainder withheld from the back benefits ($5,178.28), i.e., the amount of EAJA fees, to be disbursed to plaintiff. The sum payable to plaintiff's counsel should be increased by any administrative offset imposed on the EAJA fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 16, 2012

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

JMM
koerner.ss.temp.fee